FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MENSONIDES DAIRY, LLC, a Washington State limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>AGRI-KING NUTRITION, INC., an Illinois State corporation, and AGRI-KING, INC., an Illinois corporation,<br><br>    Defendants. | NO. 1:16-cv-03067-SAB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On December 19, 2017, the Court held a motion hearing on Defendants' Motion for Partial Summary Judgment, ECF No. 96; and Plaintiff's Motion Allowing/Clarifying Expert Testimony, ECF No. 104. Tom Scribner appeared on behalf of Plaintiff, and Thomas Stone appeared on behalf of Defendants.

After careful consideration of the parties' briefings and presentation, the Court grants in part and denies in part Defendants' Motion for Partial Summary Judgment, ECF No. 96. The Court dismisses Plaintiff's common law negligence claim because it is preempted by the Washington Products Liability Act ("WPLA"), and dismisses Plaintiff's WPLA claim because Plaintiff's alleged harm is purely economic. As a result, the WPLA's economic loss exclusion applies and Plaintiff is left to seek relief under the Uniform Commercial Code.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 1**

The Court denies Defendants' Motion for Summary Judgment with respect to Plaintiff's breach of warranty claim because the motion does not challenge a claim Plaintiff is making.

Finally, the Court reserves ruling on Plaintiff's Motion Allowing/Clarifying Expert Testimony, ECF No. 104, until the time of trial. The parties are invited to renew the motion at that time.

## FACTS[1]

Defendants manufacture and sell multi-purpose forage treatment products for livestock feed. Pertinent to this case is one of Defendants' original products, Silo-King. Silo-King is a silage[2] additive that purportedly improves the quality of corn silage fed to dairy cows. Plaintiff has used this product to treat its silage since 2009, however, this case concerns only the corn silage treated with Silo-King in 2014.

Plaintiff filed this action in 2016, alleging Silo-King failed to provide an adequate number of lactic acid-producing bacteria, commonly referred to as Colony Forming Units ("CFU"), to result in successful fermentation of the corn silage. According to Plaintiff, Silo-King caused the 2014 corn silage to go "bad,"[3] resulting in the dairy cows eating less; thereby reducing daily milk production and compromising the health and reproduction of the cattle.

---

[1] Defendants failed to follow the Local Rules governing motions for summary judgment. Pursuant the LR 56.1, Defendants were required to file, separately from the memorandum of law, a statement of undisputed facts.

[2] "Silage" is plant matter (often corn, triticale, or hay) that is ensiled, allowed to ferment over a period of months, and then used as animal feed. ECF No. 57 at 2, n.1.

[3] The term "bad" is used by Plaintiff's experts to describe the corn silage as not palatable.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 2**

## STANDARD

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). If the non-moving party fails to show a genuine dispute of material fact as to the elements essential to its case for which it bears the burden of proof, such that the moving party is entitled to judgment as a matter of law, the trial court must grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332 and therefore applies Washington State substantive law. *Erie R.Co. v. Tompkins*, 304 U.S. 64, 79 (1938).

Plaintiff's action against Defendants is based on three theories of liability: (1) negligence; (2) strict liability under the WPLA, RCW 7.72; and (3) breach of warranty.

Defendants' Motion for Partial Summary Judgment requests the Court dismiss Plaintiff's common law negligence claim because it is subsumed as a matter of law under the WPLA; dismiss Plaintiff's WPLA claim because it falls under the statute's "economic loss" exclusion; and dismiss Plaintiff's claims for consequential damages for breach of warranty because there is no evidence that the alleged breach of warranty was a proximate cause of such damages.

//

//

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 3**

**Plaintiff's Negligence Claim**

Defendants argue Plaintiff's common law negligence claim must be dismissed because it is preempted by the WPLA. The WPLA is the exclusive remedy for product liability claims. *Potter v. Wash. State Patrol*, 165 Wash.2d 67, 87 (2008). The Washington Supreme Court has determined that "[c]lear statutory language and corroborative legislative history leave no doubt about the WPLA's preemptive purpose." *Id.* (quoting *Wash. Water Power Co. v. Graybar Elec. Co.*, 112 Wash.2d 847, 853 (1989)). The Court reasoned that allowing common law claims would defeat the purpose of WPLA and, essentially, "render[] the statute a nullity." *Wash. Water Power Co.*, 112 Wash.2d at 856.

Therefore, the WPLA supplants all common law claims or actions based on harm caused by a product. *Macias v. Saberhagen Holdings, Inc.*, 175 Wash.2d 402, 409 (2012) (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash.2d 299, 323 (1993)). Insofar as a negligence claim is product-based, the negligence theory is subsumed under the WPLA product liability claim. *Macias*, 175 Wash.2d at 409 (citing *Hue v. Farmboy Spray Co., Inc.*, 127 Wash.2d 67, 87 (1995)).

In this case, Plaintiff's common law negligence claim is based on the harm caused by Defendants' product. Plaintiff's claim is that Silo-King did not contain an adequate number of CFUs to result in the successful fermentation of corn silage. Plaintiff raises two theories[4] of negligence to support this claim: (1) Defendants negligently manufactured the product; and (2) the product was

---

[4] In its responsive briefing, Plaintiff cites fraud as another theory of liability. However, Plaintiff's First Amended Complaint, ECF No. 38, does not include a cause of action for fraud. The Court will not entertain an argument based on hypothetical causes of action not included in Plaintiff's First Amended Complaint.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 4**

negligently handled, stored, and/or applied by Defendants' employee, Jessica Wiersma.

Plaintiff concedes its first theory is clearly product-based. However, Plaintiff contends its second theory involves conduct that is not product-based. Contrary to Plaintiff's assertions, a product liability claim under the WPLA covers a wide-range of conduct, including allegations of negligent handling, storing, and/or application of the relevant product. *See* RCW 7.72.010(4) ("Product liability claim includes any claim or action brought for harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage, or labeling of the relevant product.").

Thus, Plaintiff's common law negligence claim, under either theory, is based on harm caused by Defendants' product. As such, it is subsumed by the WPLA. To find otherwise would defeat the purpose of the WPLA and "render[] the statute a nullity." *Wash. Water Power Co.*, 112 Wash.2d at 856.

There being no genuine dispute of material fact, summary judgment is granted in favor of Defendants, and Plaintiff's common law negligence claim is dismissed.

**Plaintiff's Washington Product Liabilty Act Claim[5]**

Defendants also request the Court dismiss Plaintiff's WPLA claim because it falls under the statute's "economic loss" exclusion. The WPLA permits a party to bring a product liability claim against the manufacturer for harm caused by the relevant product. RCW 7.72.010(4). If the harm caused by the relevant product is

---

[5] Due to a fundamental misunderstanding of the applicable law, Plaintiff failed to rebut Defendants' argument for dismissal of Plaintiff's WPLA claim. As such, Plaintiff has failed to meet its burden of pointing to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 5**

nothing more than pure economic loss, however, then recovery under the WPLA is precluded, and the party is left to seek redress under the Uniform Commercial Code. RCW 7.72.010(6); *Touchet Valley Grain Growers, Inc. v. Opp & Seibold General Const., Inc.*, 119 Wash.2d 334, 351 (1992). Washington courts refer to this as WPLA's "economic loss" exclusion. *Id*.

The Washington Supreme Court has identified two tests to characterize a plaintiff's claimed harm: (1) the sudden and dangerous test, and (2) the evaluative approach. *Id*.

a. **Sudden and Dangerous Test**

Under the sudden and dangerous test, "economic losses are distinguished from other damages principally according to the manner in which the product failure occurred. If a product's failure is the result of a sudden and dangerous event, it is remediable in tort, if not, the product failure is deemed an economic loss." *Staton Hills Winery Co., Ltd. v. Collons*, 96 Wash.App. 590, 597 n.4 (1999).

The following cases provide guidance on what constitutes a sudden and dangerous event. In *Touchet Valley*, a grain storage building was designed and constructed to hold approximately 1.9 million bushels of grain. 119 Wash.2d at 338-39. After being properly filled to capacity, a portion of the buildings wall collapsed, causing moisture and pests to destroy the stored grain. *Id*. The Washington Supreme Court found that the sudden structural collapse constituted a "sudden and *highly* dangerous event." *Id*. at 353 (emphasis added).

In *Staton Hills*, a winery purchased five steel tanks coated with food-grade epoxy in order to store Sauvignon Blanc. 96 Wash.App. at 592-93. During storage, the epoxy peeled away from the tank, mixed with the Sauvignon Blanc, and ruined the wine. *Id*. The Washington Court of Appeals concluded that the tanks' slow failure was far from na "sudden and dangerous event." *Id*. at 597.

In *Borton & Sons, Inc. v. Novazone, Inc.*, No. CV-08-3016-EFS, 2009 WL 3062323 (E.D. Wash. Sept. 22, 2009), Plaintiff, a Washington company that

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 6**

grows, stores, and ships apples, agreed to let Defendant install and operate an experimental ozone generation system in several of its apple storage facilities. *Id*. at *1. The ozone system was designed to delay apple decay. Instead, it caused the apples to develop brown surface lesions, rendering the apples unmarketable at the retail level. *Id*. Judge Shea found the ozone generation system's failure was not a "sudden and dangerous event." *Id*. at *3.

In this case, Silo-King's alleged failure does not constitute a sudden and dangerous event. Much like the steel tanks in *Staton Hills*, and the ozone generation system in *Borton & Sons*, Silo-King's alleged failure occurred over a period of months after the product was applied to the corn silage.

Moreover, aside from blanket assertions that Defendants manufactured a product that was not reasonably safe, Plaintiff has failed to provide any facts to show how the product's alleged failure made it dangerous. Perhaps Plaintiff may argue the product's failure placed its dairy cows in danger, however, that does not appear to be the type of danger this test is concerned with. *See*, *e.g.*, *Touchet Valley* 119 Wash.2d at 354 ("the risk of structural collapse posed a real, nonspeculative danger of physical injury to any persons walking in or about the flathouse building. It is simply fortuitous that no persons were present when the [structure] fell to the ground."). Thus, under the sudden and dangerous test, Plaintiff's claim of harm appears to be purely economic.

**b. Evaluative Approach**

Under the evaluative approach, courts consider (1) the nature of the defect; (2) the type of risk; and (3) the manner in which the injury arose. *Touchet Valley*, 119 Wash.2d at 353.

**i. Nature of the Defect**

The parties agree Plaintiff's claim is that Silo-King failed to provide enough CFUs to result in successful fermentation of the corn silage that was fed to Plaintiff's dairy cows. As a result, Plaintiff's cows ate less, thereby reducing daily

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 7**

milk production and compromising the health and reproduction of the cattle. In other words, Defendants' product failed to work as Plaintiff believed it would.

The nature of the defect in this case is analogous to those in *Borton & Sons*, and *Staton Hills*, where the product at issue failed to work as planned. *Borton & Sons, Inc.*, No. CV-08-3016-EFS, 2009 WL 3062323 at *1 (ozone generation system did not prevent apples from decaying); *Staton Hills*, 96 Wash.App. at 592-93 (steel tank did not preserve or maintain wine properly). This factor, therefore, implicates the bargain-expectation policies of contract law, not the safety-insurance policies of tort law. *See Staton Hills*, 96 Wash.App. at 598 (noting the difference between contract law, which focuses on enforcing expectations created by agreement, and tort law, which focuses on protecting people and property by imposing a duty of care on others). Thus, this factor weighs in favor of finding Plaintiff's claim of harm is purely economic.

**ii. Type of Risk**

Two sub-components come into play under this factor: (1) the magnitude of the risk that the product posed to other people and property; and (2) whether the risks associated with the product were foreseeable. *Staton Hills*, 96 Wash.App. at 598.

Defendants argue Silo-King did not pose a risk to other people or property; it merely did not work the way it was supposed to. Moreover, Defendants assert Plaintiff contemplated the risk associated with a product like Silo-King. Plaintiff knew the product was designed to assist fermentation and if the product failed, fermentation would not receive any boost.

As was the case in *Borton & Sons* and *Staton Hills*, there is no evidence to suggest Defendants' product posed any threat to humans. Plaintiff may argue the product posed a significant risk to its property; namely, its dairy cows. However, the WPLA economic loss exclusion has been applied to claims of harm to other property, such as the spoiled wine in *Staton Hills* or the apples in *Borton & Sons*.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 8**

Moreover, it is entirely foreseeable that Silo-King—a product purchased for a specific purpose—may not work as planned.

Considering the lack of threat to human life and the foreseeability of the risks associated with the product, this factor also weighs in favor of finding Plaintiff's claim of harm as purely economic.

### iii. Manner of Injury

The third factor effectively mirrors the sudden and dangerous test. *Touchet Valley*, 119 Wash.2d at 354. As highlighted above, Silo-King's alleged failure does not constitute a "sudden and dangerous event." *Id*. at 351. Thus, this factor also weighs in favor of finding Plaintiff's claim of harm is purely economic.

Under both tests above, Plaintiff's claim of harm is purely economic. There being no genuine dispute of material fact, summary judgment is granted in favor of Defendants, and Plaintiff's WPLA claim is dismissed because it falls under the WPLA's economic loss exclusion. Plaintiff is left to seek relief under the Uniform Commercial Code.

**Plaintiff's Breach of Warranty Claim**

Finally, Defendants request the Court dismiss Plaintiff's claim for consequential damages for breach of warranty on grounds that Plaintiff cannot prove the alleged breach of warranty was a proximate cause of such damages. Defendants make this argument by characterizing Plaintiff's breach of warranty claim as that of a label guarantee claim. In response, Plaintiff clarified that its breach of warranty claim is not based on Silo-King's alleged failure to meet the label guarantee.

While it is not clear to the Court what Plaintiff's breach of warranty claim is, the Court cannot grant a motion challenging a claim Plaintiff does not make. Therefore, Defendants' motion for summary judgment, as to Plaintiff's breach of warranty claim, is denied.

//

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 9**

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment, ECF No. 96, is granted in part and denied in part.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment, ECF No. 96, is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** summary judgment and **DISMISSES** Plaintiff's common law negligence claim, and **DISMISSES** Plaintiff's Washington Product Liability Act claim. The Court **DENIES** summary judgment with respect to Plaintiff's breach of warranty claim.

2. The Court **RESERVES RULING** on Plaintiff's Motion Allowing/Clarifying Expert Testimony, ECF No. 104. The parties are invited the renew the motion at time of trial. If necessary, Defendants are authorized to conduct limited additional discovery to explore the new and late expert opinions offered by Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of December 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ^ 10**