FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MENSONIDES DAIRY, LLC, a Washington State limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>AGRI-KING NUTRITION, INC., an Illinois State corporation, and AGRI-KING, INC., an Illinois State corporation,<br><br>    Defendants. | No. 1:16-cv-03067-SAB<br><br>**ORDER DENYING RECONSIDERATION** |

    Before the Court are the parties' Motions for Reconsideration, ECF Nos. 123 and 124. The motions were heard without oral argument.

    On December 27, 2017, the Court granted in part and denied in part Defendants' motion for partial summary judgment. ECF No. 119. The Court granted summary judgment and dismissed Plaintiff's common law negligence and Washington Product Liability Act ("WPLA"), Wash. Rev. Code § 7.72.010, *et seq.*, claims. However, the Court denied summary judgment as to Plaintiff's breach of warranty claim.

    The parties request the Court reconsider its decision and to reach a conclusion opposite that which it reached in its December 27, 2017 Order. Defendants' request the Court dismiss Plaintiff's breach of warranty claim, and

ORDER DENYING RECONSIDERATION ^ 1

Plaintiff requests the Court reinstate its common law negligence and WPLA claims. For the reasons set forth below, the Court **denies** the parties' motions.

## STANDARD

Motions for reconsideration are generally disfavored and are considered "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; or (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Motions for reconsideration are not to re-hash arguments the court has already thought through, or present arguments or evidence for the first time which could reasonably have been raised earlier in the litigation. *See Kona Enters., Inc.*, 229 F.3d at 890. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

**Defendants' Motion for Reconsideration**

Defendants argue the Court committed manifest error by declining to grant summary judgment on Plaintiff's breach of warranty claim. The Court declined to grant summary judgment because Defendants did not challenge Plaintiff's breach of warranty claim appropriately.

Defendants' motion for partial summary judgment initially requested the Court dismiss Plaintiff's claim for consequential damages for its breach of warranty claims. ECF No. 96, at 19. In other words, Defendants were not seeking dismissal of Plaintiff's breach of warranty claim; rather, Defendants sought to limit

Plaintiff's damages on proximate causation grounds. *Id.* at 20:15-19 ("Absent a showing there is no evidence that the alleged breach of warranty . . . was a proximate cause of any of Plaintiff's consequential damages and Plaintiff is left to recover the 'usual, standard, and reasonable method if ascertaining damages in the case of breach of warranty[.]"). Thus, had the Court granted Defendants' motion, it would have done nothing more than limit the amount of damages Plaintiff sought to recover.

In its response to Defendants' motion, Plaintiff clarified its breach of warranty claim was not based on a theory that Silo-King contained less Colony Forming Units ("CFU") than advertised on the product label. Defendants then attempted to transform this motion for partial summary judgment, into summary dismissal of Plaintiff's entire Complaint. ECF No. 113, at 2.

Defendants chose to challenge Plaintiff's claim for consequential damages under a mistaken belief that Plaintiff's entire breach of warranty claim rested on a label guarantee theory. Fortunately for Defendants, the deadline to file a dispositive motion has been amended pursuant to the parties' joint motion. *See* ECF No. 122. Thus, the parties are free to file any dispositive motion no later than August 8, 2018. *Id*.

Nonetheless, the Court recognizes Defendants were convinced Plaintiff's breach of warranty claim rested on a theory that Silo-King contained less CFUs than advertised on the product label. Plaintiff has ensured that is not the case. And if the Court's previous Order did not make it clear before, it makes clear now that Plaintiff is foreclosed from raising a breach of warranty claim based on allegations that Silo-King contained less CFUs than advertised on the product label. To allow Plaintiff to raise this claim in the future would mean parties could avoid summary judgment simply by playing a game of 'hide-the-ball.'

//
//

ORDER DENYING RECONSIDERATION ^ 3

**Plaintiff's Motion for Reconsideration**

Plaintiff argues "[i]t was clearly a mistake for the Court to summarily dismiss plaintiff's WPLA claim." ECF No. 124, at 3. The Court construes this as Plaintiff requesting reconsideration on the basis of manifest error. The Court did not commit manifest error and denies Plaintiff's motion because Plaintiff makes an argument that could reasonably have been raised earlier in litigation. *See Kona Enters., Inc.*, 229 F.3d at 890

The Court granted summary judgment and dismissed Plaintiff's WPLA claim because there was no genuine dispute of material fact that Plaintiff's claim fell under the statute's "economic loss" exclusion. Wash. Rev. Code § 7.72.010(4). As indicated in the Court's Order, Plaintiff failed to meet its burden of pointing to specific facts establishing a genuine dispute of material fact because, until now, Plaintiff's position was that the "economic loss" exclusion did not exist. *See, e.g.*, Plaintiff's Response to Defendants' Motion for Partial Summary Judgment, ECF No. 106, at 14:5-10 ("The problem with defendants' argument and their reliance on *Staton Hills Winery* (and other cases utilizing the economic loss rule) is that the Washington Supreme Court has transformed the 'economic loss' rule and it no longer exists/applies."). And at the motion hearing, Plaintiff reiterated its position that Washington no longer had an economic loss rule.

As illustrated in the Court's Order, the WPLA's "economic loss" exclusion exists and applies to product liability claims that result in nothing more than pure economic loss. *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wash.2d 334, 351 (1992). Plaintiff had two opportunities to create a genuine dispute of material fact that the WPLA's "economic loss" exclusion did not apply, and Plaintiff failed to do so.

Plaintiff now files a motion for reconsideration and makes an argument pursuant to the "sudden and dangerous test," and the "evaluative approach." This is the first time Plaintiff has acknowledged the applicability of these two tests. The

Court denies Plaintiff's motion for reconsideration because Plaintiff makes an argument that could reasonably have been raised earlier in litigation. *See Kona Enters., Inc.*, 229 F.3d at 890.

## CONCLUSION

For the reasons set forth above, the Court denies the parties' motions for reconsideration.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, ECF No. 123, is **DENIED**.

2. Plaintiff's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment, ECF No. 124, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of February 2018.



                                    Stanley A. Bastian
                                    United States District Judge