FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MENSONIDES DAIRY, LLC, a Washington State limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>AGRI-KING NUTRITION, INC., an Illinois corporation; and AGRI-KING, INC., an Illinois corporation,<br><br>    Defendants. | No. 1:16-cv-03067-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 132. Defendant requests the Court enter summary judgment against Plaintiff's remaining breach of warranty claims, and its claim for consequential damages.

The Court held a hearing on May 30, 2018 in Yakima, Washington. Tom Scribner and David Grossman appeared on behalf of Plaintiff, and Thomas Stone appeared on behalf of Defendants. The Court took the motion under advisement.

After careful consideration of the parties' briefing and presentation to the Court, Defendants' motion is **denied**.

## BACKGROUND

Defendants manufacture and sell multi-purpose forage treatment products for livestock feed. Pertinent to this case is one of Defendants' original products, Silo-King. Silo-King is a silage additive that purportedly improves the quality of

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 1

corn silage fed to dairy cows. Plaintiff has used this product to treat its silage since 2009. However, this case concerns only the corn silage treated with Silo-King in 2014, which was fed to Plaintiff's dairy cows in 2015 (the "2015 corn silage").

Plaintiff filed this action in 2016, alleging Silo-King failed to provide the benefits and perform the essential functions of a silage additive. Specifically, Plaintiff claims Silo-King failed to live up to the written representations made on the product's advertising materials and oral representations made by Defendants' employee, Jessica Wiersma. Plaintiff claims that in order to accomplish these benefits, industry standards require the product to provide at least 100,000 lactic acid-producing bacteria, commonly referred to as Colony Forming Units ("CFUs"), per gram of forage. There is no dispute that Silo-King does not provide this amount of CFUs, and it does not advertise its product to contain this amount of CFUs.

Plaintiff claims Defendants' product caused the 2015 corn silage to go "bad,"[1] and that it acquired a pungent vinegar taste and smell. According to Plaintiff, the taste and smell of the bad corn silage resulted in its dairy cows eating less, thereby reducing daily milk production and compromising the health and reproduction of the cattle.

Plaintiff initially brought the following claims against Defendants: (1) strict liability under the Washington Product Liability Act, Wash. Rev. Code §§ 7.72.010, *et seq.*; (2) negligence; and (3) breach of express and implied warranties. On December 27, 2017, the Court granted in part and denied in part Defendants' motion for partial summary judgment, and dismissed all but Plaintiff's breach of warranty claim. ECF No. 119.

//
//

---

[1] Plaintiff uses to term "bad" to describe the silage as not palatable.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 2

Shortly after, the parties agreed to modify the scheduling order and set a new deadline for dispositive motions. ECF No. 120. Now pending before the Court is Defendants' Motion for Summary Judgment, ECF No. 132.

## STANDARD

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party "must go beyond pleading and identify facts which show a genuine issue for trial." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex Corp.*, 477 U.S. at 323-24). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). "[T]here is no genuine dispute of material fact unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## DISCUSSION

**I. Express Warranties[2]**

Defendants challenge the existence of any express warranties. Wash. Rev. Code § 62A.2-313 defines express warranties as (1) "[a]ny affirmation of fact or

---

[2] The Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332 and therefore applies Washington State substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938).

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 3

promise," (2) "[a]ny description," or (3) "[a]ny sample or model" by a seller relating to or describing the goods, when such representation forms the "basis of the bargain." *Id.* § 62A.2-313(1)(a)-(c). However, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." *Id.* § 62A.2-313(2).

In *Federal Signal Corp. v. Safety Factors, Inc.*, 125 Wash.2d 413, 424 (1994), the Washington Supreme Court identified several factors for a trial court to consider when determining whether a seller's representation is sufficient to create an express warranty.

> The more specific a statement, the more likely it is an affirmation of fact or promise. Furthermore, affirmation of fact or promises will generally relate to the quality of a good. In contrast, more general statements such as "You meet the nicest people on a Honda" and a Honda bike is a good one for children are a seller's opinion or commendation rather than affirmations of fact. Additional factors to consider are whether any hedging occurred, the experimental nature of the good, a buyer's actual or imputed knowledge of the true condition of the good, and the nature of the defect.

*Id.* (internal citations omitted). The analysis is similar when the representation is contained in an advertising brochure. *Id.* at 425.

The Court denies Defendants' request for summary judgment on Plaintiff's breach of express warranties claim for three reasons. First, the Court finds that, taken together, Defendants' oral and written representations about the benefits and features of Silo-King constitute affirmations of fact or promises sufficient to create express warranties. The Court is not persuaded by Defendants' argument that these representations are merely Defendants' opinion or commendation of Silo-King. Wash. Rev. Code § 62A.2-313(2). Defendants, orally and in writing, represented that Silo-King would improve Plaintiff's corn silage in certain, specific ways. For that reason, the Court finds Defendants made express warranties about the purported benefits of Silo-King.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 4

Second, the Court finds there is sufficient evidence for a reasonably jury to find Plaintiff was aware of the express warranties at issue. *See Touchet Valley Grain Growers, Inc. v. Opp & Seibold General Const., Inc.*, 119 Wash.2d 334, 347 (1992) ("Recovery for breach of an express warranty is contingent on a plaintiff's knowledge of the representation"). Art Mensonides states that while he cannot remember exactly what Jessica Wiersma told him the day she went to his dairy farm, he recalls she told him "Silo-King is more palatable and digestible." Mensonides Decl. ECF No. 141, ¶ 5. As for the brochures, Mr. Mensonides states that while he cannot say for certain he was given these specific brochures, he recalls Jessica giving him a number of brochures highlighting the benefits of Silo-King. *Id.*, ¶ 6. And that the brochures he was given are very similar to those that are attached to his declaration. *Id.*, ¶ 7. Whether to believe Mr. Mensonides is a credibility determination best left for the jury.

Third, there appears to be a genuine dispute of material fact as to whether Defendants breached these express warranties. Accordingly, the Court denies summary judgment on Plaintiff's breach of express warranties claim.

## II. Implied Warranties

Defendants also challenge Plaintiff's claim for breach of implied warranty of fitness for a particular purpose, Wash. Rev. Code § 62A.2-315, and breach of implied warranty of merchantability, *Id.* § 62A.2-314.

### Implied Warranty of Fitness for a Particular Purpose

To prove a claim for breach of the implied warranty of fitness for a particular purpose, a plaintiff must show: (1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know that the buyer was relying on the seller's skill or judgment to furnish appropriate goods; and (3) the buyer in fact relied on the seller's skill or judgment. *Id.* § 62A.2-315; *World Wide Lease, Inc. v. Grobschmit*, 21 Wash. App. 537, 541 (1978). Genuine factual issues exist as to whether Defendants breached the implied warranty of fitness for a

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 5

particular purpose in all respects, and in particular whether Plaintiff actually relied on the Defendants' skill and judgment when it decided to purchase and use Silo-King, and whether Defendants knew of this reliance by Plaintiff.

**Implied Warranty of Merchantability**

To prove a claim for breach of the implied warranty of merchantability under Washington law, a plaintiff must prove: (1) the seller is a merchant; (2) the goods were not merchantable; (3) damages proximately caused by the defective nature of the good; and (4) that the seller was given notice of the injury. *Superwood Co. Ltd. v. Slam Brands, Inc.*, No. C12-1109JLR, 2013 WL 6008489, at * 3 (W.D. Wash. Nov. 13, 2013) (citing Wash. Rev. Code § 62A.2-314). The parties dispute whether there is any evidence that Silo-King was not merchantable.

Wash. Rev. Code § 62A.2-314 defines merchantability. For a good to be merchantable, it must: (1) pass without objection in the trade under the contract description; (2) in the case of fungible goods, be of fair average quality within the description; (3) be fit for the ordinary purposes for which such goods are used; (4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; (4) be adequately contained, packaged, and labeled as the agreement may require; and (5) conform to the promises or affirmation of fact made on the container or label if any. *Id.* § 62A.2-314(2)(a)-(f).

This list "does not purport to exhaust the meaning of 'merchantable' nor to negate any of its attributes not specifically mentioned in the text of the statute, but arising by usage of trade or through case law." *Id.* cmt. 6. Courts generally use a reasonable standard to determine whether the requirements of U.C.C. § 2-314(2) have been met. *Federal Signal Corp*, 125 Wash.2d at 426. "The question of whether a good is merchantable depends on the particular facts of the case." *Id.* at 427.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 6

Plaintiff claims Silo-King breached its implied warranty of merchantability because it was not fit for the ordinary purposes for which such goods are used. *See* Wash. Rev. Code § 62A.2-314(2)(c). "This phrase embodies the concept 'that goods be reasonably fit for their usual, intended purpose,' *i.e.*, 'reasonably safe when put to their ordinary use and reasonably capable of performing their ordinary functions.'" *Federal Signal Corp.*, 125 Wash.2d at 427. "Factors such as the usage in the trade, the price actually paid as compared to the standard price, the characteristics of similar goods manufactured by others, and government standards and regulations regarding such a good are considerations when evaluating merchantability." *Id*.

The purpose of Silo-King is to preserve the nutritive, energy, and digestibility qualities of the silage, and to prevent dry matter loss during the fermentation process. Genuine factual issues exist as to whether Silo-King was reasonably capable of achieving its purpose.

### III. Consequential Damages

Finally, Defendants argue there is no evidence to support Plaintiff's claim for consequential damages. Generally, the measure of damages for breach of warranty under the Uniform Commercial Code is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. Wash. Rev. Code § 62A.2-714(2). "In a proper case, any incidental and consequential damages . . . may also be recovered." *Id*. § 62A.2-714(3).

Consequential damages resulting from a seller's breach include (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property *proximately resulting from any breach of warranty*. *Id*. § 62A.2-715(2) (emphasis added).

"Unless the evidence is undisputed and the inferences are plain and not subject to reasonable doubt, the question of proximate cause is for the trier of fact." *Seattle Flight Serv., Inc. v. City of Auburn*, 24 Wash. App. 749, 753 (1979).

As indicated above, the evidence in this case is highly disputed. For that reason, the issue of proximate cause is best left for the jury.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 132, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 5th day of June 2018.



_____
Stanley A. Bastian
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 8